UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYCIA ROSE GLAUDE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION OF THE UNITED STATES, et al.,<br><br>　　　　Defendants. | Case No.  24-cv-06884-JCS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

　　　　Plaintiff brings this action challenging the denial of her application for disability benefits under Title II of the Social Security Act. The Social Security Commissioner's denial became final on July 25, 2024 and therefore, Plaintiff's complaint in this action was due on September 30, 2024, that is, the next business day after September 28, 2024, when the complaint would otherwise have been due. *See* 42 U.S.C. §405(g); 20 C.F.R. §404.968 (complaint challenging final denial must be filed 60 days after receipt of the notice of the Agency's Appeals Council's action); 20 C.F.R. § 404.901 (notice is presumed to have been received "5 days after the date on the notice"); Fed. R. Civ. P. 6(a) (providing that filing deadlines falling on a weekend are timely filed on the next business day). Instead, the Complaint was filed the next business day, on October 1, 2024.[1]

　　　　The Commissioner brings a Motion to Dismiss, arguing that although the deadline is non-jurisdictional, Plaintiff is not entitled to equitable tolling because Plaintiff's counsel, who experienced technical difficulties with the Court's ECF system, waited until after business hours on the date the complaint was due, to file the complaint. The Court has reviewed the affidavit of

---

[1] The Commissioner suggest in the Motion to Dismiss that Plaintiff's complaint was filed eight days late because the statute allows 60 days from the date of the final decision to challenge a denial under 42 U.S.C. § 405. Motion at 3. In the Commissioner's reply, however, the Commissioner acknowledges that the Complaint was filed "just one day late." Reply at 2.

Plaintiff's counsel, dkt. no. 10 at pp. 5-7, and finds that extraordinary circumstances and Plaintiff's overall diligence warrant a finding of equitable tolling. *See Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, the Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: December 26, 2024

JOSEPH C. SPERO
United States Magistrate Judge

2